[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On February 1, 1979, the defendant was found not guilty of the crime of manslaughter by reason of mental disease or defect and was committed to the custody of the Commissioner of Mental Health for a period not to exceed twenty years, the maximum period of incarceration that could have been imposed had he been convicted.
Now under the jurisdiction of the Psychiatric Security Review Board, Mr. Cohens has served his maximum term of commitment. On August 6, 1998, the state filed a petition dated July 28, 1998, seeking a court order of-continued commitment of the acquittee.
The court is asked to determine whether, in this factual scenario, the state or the acquittee has the burden of proof and what standard of proof is required at a hearing on the states petition to continue Mr. Cohens' commitment.
This issue is resolved in State v. Metz, 230 Conn. 400 (1994)
The states authority to seek a continued commitment of an acquittee derives from General Statutes § 17a-593 (c). Metz
stands for the proposition that § 17a-593 (c) "impliedly imposes the same burden on the state at a hearing for the continued commitment of an acquittee beyond his current definite period of commitment as is imposed in a civil commitment hearing under § 17a-498 (c); namely, to show by clear and convincing evidence that the acquittee is currently mentally ill and dangerous to himself . . . or others. . . ."
Thus, for the state to sustain its burden of proof in this case it must show by clear and convincing evidence that Mr. Cohens is currently mentally ill and dangerous to himself or others.
Barry, J.